**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2223
_____

JOHN E. MILLER,
                    Appellant

v.

DANA METZGER, Warden; MAJOR SENATO, Security Administrator; CAPTAIN
RANDALL DOTSON, Corrections Officer; LT. FRANCHOT WALLACE, Corrections
Officer; CPL. DELANO SMITH, Corrections Officer; CAPTAIN LEHMAN; CIG
CALLAHAN
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 19-cv-01794)
District Judge: Honorable Stephanos Bibas[*]
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 2, 2022
Before: MCKEE, SHWARTZ and MATEY, Circuit Judges

(Opinion filed October 3, 2022)
_____

OPINION[**]
_____

---

[*] The Honorable Stephanos Bibas, Judge of the United States Court of Appeals for the
Third Circuit, sitting by designation. Pursuant to 28 U.S.C. § 291(b).
[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

John E. Miller, proceeding pro se, appeals from an order of the United States District Court for the District of Delaware dismissing his complaint and denying his motion for reconsideration. For the reasons that follow, we will affirm.

I.

In September 2019, John Miller, who is incarcerated at the James T. Vaughn Correctional Center in Delaware, filed this pro se action pursuant to 42 U.S.C. § 1983 against various prison officials and staff, alleging violations of the First, Eighth, and Fourteenth Amendments. In his complaint, which he later amended, Miller alleged that he served as an informant in an investigation into the prison's security issues and provided evidence that highlighted several security breaches. Miller alleged that, in retaliation for his informant activities, Kevin Senato, who was in charge of the prison's security, and Dana Metzger, who was the prison's warden, ordered the other defendants to find Miller guilty of a disciplinary infraction and to uphold that finding on appeal. After what Miller contends was an unconstitutional disciplinary hearing, he was punished with five days in insolation, ten days confined to quarters, thirty days without privileges, and one year in the Security Housing Unit (SHU). Miller alleged that this punishment violated the Eighth Amendment, particularly considering that he suffered severe mental health issues as a result of a previous placement in the SHU.

Defendants moved to dismiss Miller's second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and the District Court granted the motion, agreeing that Miller failed to adequately allege that his conduct was constitutionally protected or a factor in defendants' decision to punish him, that he had lost a protected liberty interest and a right to due process, or that his confinement in isolation or the SHU violated the Eighth Amendment. Miller timely moved for reconsideration, requesting that the District Court correct several errors of fact and law, and the District Court denied the motion, concluding that Miller did not show clear legal error and declining to amend its earlier opinion or make factual findings. Miller now appeals.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the grant of a motion to dismiss under Rule 12(b)(6) de novo. See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We review for an abuse of discretion the District Court's order denying Miller's motion for reconsideration. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

III.

3

First, Miller argues that defendants retaliated against him for participating in the security investigation. To state a plausible First Amendment retaliation claim, a prisoner must allege that: (1) he engaged in constitutionally protected conduct; (2) he suffered adverse action; and (3) the constitutionally protected conduct was "a substantial or motivating factor" in the decision to discipline him. See Carter v. McGrady, 292 F.3d 152, 157–58 (3d Cir. 2002). "Because motivation is almost never subject to proof by direct evidence, [a prisoner may] rely on circumstantial evidence to prove a retaliatory motive," and can satisfy his burden "with evidence of either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing that suggests a causal link." Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016).[1]

Miller failed to state a plausible First Amendment retaliation claim. Even assuming *arguendo* that Miller's informant activities were constitutionally protected, he failed to provide sufficient factual matter showing that those activities were a substantial or motivating factor for his punishment. Miller did not provide any sort of timeline for these events that would show an unusually suggestive temporal proximity between his actions as

[1] Generally, once a claimant proves all three elements for a prima facie retaliation case, the burden shifts to the defendant to establish that the same disciplinary action would have been taken even in the absence of the protected activity. See Carter, 292 F.3d at 158. However, it makes "little sense" to apply that framework at the pleading stage, Thomas v. Eby, 481 F.3d 434, 442 (6th Cir. 2007), as a district court ruling on a motion to dismiss must consider only the complaint and its attached documents, In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1424–25 (3d Cir. 1997).

4

an informant and his punishment, or a pattern of antagonism coupled with timing suggesting a causal link. Id. Instead, he provided only a conclusory allegation that Metzger and Senato wanted him to be punished for his involvement in the investigation. This was insufficient to plausibly allege that his participation as an informant was a substantial or motivating factor in the decision to discipline him.

Next, Miller claims that he was denied due process at his disciplinary hearing when he was denied his right to prepare for the hearing, to be represented by counsel, to present witnesses, to confront his accuser, and to be heard by impartial officers. "To maintain a procedural due process claim, [a plaintiff] must show that: (1) Defendants deprived him of an individual liberty interest that is encompassed within the Fourteenth Amendment's protection, and (2) the procedures Defendants made available to him did not provide due process of law." Steele v. Cicchi, 855 F.3d 494, 507 (3d Cir. 2017).

Miller's sanctions, which involved five days in isolation, ten days confined to quarters, thirty days without privileges, and a year in the Security Housing Unit, were insufficient to trigger due process protections. See Sandin v. Conner, 515 U.S. 472, 484–86 (1995) (explaining that discipline for a wide range of misconduct is expected as part of an inmate's sentence); Griffin v. Vaughn, 112 F.3d 703, 708–09 (3d Cir. 1997) (concluding that fifteen months in administrative custody was not an atypical hardship). Because Miller has not plausibly alleged that he was deprived of a liberty interest encompassed within the Fourteenth Amendment's protection, the District Court properly dismissed the claim.

As to Miller's Eighth Amendment claim, defendants correctly note that he has not set out any argument concerning that claim in his appellate brief and has thus forfeited that point on appeal. See M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 (3d Cir. 2020).[2] In any event, we agree with the District Court that Miller failed to state a claim. In determining whether prison officials have violated the Eighth Amendment, we apply a two-prong test: "(1) the deprivation must be objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities; and (2) the prison official must have been deliberately indifferent to inmate health or safety." Porter v. Pa. Dep't of Corr., 974 F.3d 431, 441 (3d Cir. 2020) (cleaned up).

To the extent that Miller's claim arose out of his relatively short-term confinement in isolation and subsequent placement in the SHU, such confinement does not, standing alone, constitute cruel and unusual punishment. See Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992) (explaining that "[s]egregated detention is not cruel and unusual punishment per se, as long as the conditions of confinement are not foul, inhuman or totally without penological justification"), superseded by statute on other grounds as stated in Nyhuis v.

---

[2] Miller's appellate brief generally focuses on claims against Senato specifically (e.g., Miller argues that the District Court erroneously determined that "a claim couldn't be stated against Senato" and dismissed "the complaint in its entirety when one claim was stated"). See ECF No. 32 p. 2. However, considering that he also argues that the District Court erroneously dismissed the complaint as a whole, we have addressed his claims against the other defendants as well.

Reno, 204 F.3d 65, 71 n.7 (3d Cir. 2000). Insofar as Miller's claim rested on defendants' deliberate indifference to his serious mental health issues caused by placement in the SHU, see Palakovic v. Wetzel, 854 F.3d 209, 227 (3d Cir. 2017) (considering the need for mental healthcare a serious medical need), he alleged that placement in the SHU or the Medium-High Housing Unit (MHU) caused him to suffer psychological effects *in the past*, but did not allege that defendants were aware of any *current* mental health issues or that they denied or delayed him from seeking care, see Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Finally, while Miller claimed that he was assaulted during the security investigation and that placement in the SHU or MHU would risk his life, he did not explain how that past assault had any correlation to placement in the SHU. See Bistrian v. Levi, 696 F.3d 352, 371 (3d Cir. 2012) (finding the risk that "an inmate with a history of violence might attack another inmate for an unknown reason" too speculative to state a claim of deliberate indifference by prison officials), abrogated on other grounds by Mack v. Yost, 968 F.3d 311, 319 n. 7 (3d Cir. 2020). Thus, we see no error in the District Court's determination that Miller failed to state an Eighth Amendment claim.

Finally, the District Court did not abuse its discretion in denying reconsideration. "[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent

7

manifest injustice." See Max's Seafood Café, 176 F.3d at 677. In his motion for reconsideration, Miller clarified facts and law that he believed the District Court had misinterpreted but did not show that the clarifications amounted to clear errors of law or fact that needed correcting or that any action was needed to avoid manifest injustice. Therefore, the District Court properly denied reconsideration.

Accordingly, we will affirm the judgment of the District Court.